# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN NEWBURY | * | |
| 6 Tillinghast Drive | * | |
| Hingham, Massachusetts 02043 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| DEFENSE INTELLIGENCE AGENCY | * | |
| Washington, D.C. 20340 | * | |
| | * | Civil Action No: 16-2259 |
| and | * | |
| | * | |
| DEPARTMENT OF DEFENSE | * | |
| Washington, D.C. 20301 | * | |
| | * | |
| Defendants. | * | |
| * * * * * * * | * * * * * | |

## COMPLAINT

Plaintiff Brian Newbury brings this action against defendants Defense Intelligence Agency and Department of Defense for injunctive and declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the First Amendment to the Constitution of the United States, pertaining to the prepublication classification resume of his employment resume.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Brian Newbury ("Newbury") worked for the defendants for nearly a decade (2005 – 2014), which included two tours to war zones in Iraq (2008 – 2009) and Afghanistan (2013 – 2014). He is required by virtue of a secrecy agreement to submit all of his writings for prepublication review. [1] He is a citizen of the United States.

4.   Defendant Defense Intelligence Agency ("DIA") is an agency of the United States and subject to the jurisdiction of this Court. Its' actions have prevented Newbury from publishing portions of his employment resume.

5.   Defendant Department of Defense ("DoD") is an agency of the United States and subject to the jurisdiction of this Court. DoD has legal authority over the DIA, which is one of its operational components.

## FACTS

6.   On or about June 3, 2015, and after receiving instructions from DIA as to how to proceed, Newbury submitted a one page resume via facsimile to DIA for prepublication review.

7.   On or about June 18, 2015, DIA notified Newbury that it had no objection to public disclosure of his resume so long as several noted amendments were adopted. The DIA case number assigned to this review was 15-196.

8.   On or about June 19, 2015, Newbury forwarded to DIA a copy of his unclassified SF-50 in order to challenge requested redactions/modifications to his resume.

---

[1] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement.

9.   On or about June 29, 2015, DIA notified Newbury via e-mail that its' classification decisions "stand firm and no recourse for reconsideration will follow." It was also noted that this "determination concludes the final review of your resume."

10. On or about July 20, 2015, the undersigned counsel contacted DIA and requested an opportunity for Newbury to meet with DIA officials to discuss the contested redactions. As a result, counsel for DIA and Newbury began to engage in discussions and DIA promised to send a revised resume with fewer redactions.

11. On or about October 6, 2015, after nearly three months of delay, DIA finally released a revised version of Newbury's one page resume. The revised version remained unacceptable to Newbury and the undersigned counsel again requested an opportunity for Newbury to meet with the appropriate DIA officials to discus the redactions. DIA counsel responded that it would be a "huge task" to coordinate a meeting with the subject matter experts but offered instead "some sort of higher level review by the leadership of the element he previously worked for."

12. The undersigned counsel undertook repeated efforts over a ten months period between October 2015, and August 2016, to coordinate the offered higher review without success.

13. On or about August 2, 2016, the undersigned counsel personally delivered a written rebuttal from Newbury to DIA for the promised higher review.

14. No response has been received from DIA despite repeated requests by the undersigned counsel over the last three months.

## FIRST CAUSE OF ACTION
## (FIRST AMENDMENT/DECLARATORY JUDGMENT
## - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

15. Newbury repeats and realleges the allegations contained in paragraphs 1 through 14 above, inclusive.

16. Newbury properly submitted, pursuant to one or more secrecy agreements, his one page employment resume for prepublication review.

17. The defendants are legally prohibited from precluding Newbury from publishing anything other than classified information.

18. Defendant DIA claims to have identified classified information within the employment resume and prevented Newbury from publishing those portions regarding which agreement could not be reached as to acceptable modification.

19. Defendant DIA has improperly classified information that is, in fact, unclassified. The consequence of this action is to threaten Newbury that if he publishes or disseminates any information identified as classified, whether it is or not, he will be subject to legal action, which can include civil or criminal penalties.

20. The defendants have failed to show that Newbury's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

21. The defendants have failed to demonstrate the existence of substantial government interests that would enable them to prohibit the publication of unclassified information within Newbury's one page employment resume.

22. The defendants' restrictions imposed upon Newbury have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. They

have unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

23. Most importantly, the defendants have failed to provide explanations with reasonable specificity that demonstrates a logical connection between the information to be deleted and any reason for classification. Thus, they cannot support the defendants' attempt to censor text within Newbury's one page employment resume.

24. Because the defendants have impermissibly infringed upon Newbury's right to publish unclassified information in his employment resume they have violated Newbury's First Amendment rights.

25. Newbury desires to include only unclassified information in his employment resume and all efforts to cooperate with defendant DIA to negotiate an amicable resolution were unsuccessful despite repeated attempts.

26. Newbury has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

WHEREFORE, plaintiff Brian Newbury requests that the Court award him the following relief:

(1) Permanently enjoin the defendants from restraining the publication of any portion of unclassified text within his one page employment resume;

(2) Declare that Newbury possesses a First Amendment right to publish any unclassified information that was redacted from his one page employment resume;

(3) Declare and find that the redacted text from his one page resume is unclassified;

(4) Award Newbury the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

(5) Award any appropriate compensation to Newbury for any losses suffered or expenses incurred due to the defendants' actions; and

(6) grant such other relief as the Court may deem just and proper.

Date:   November 14, 2016

Respectfully submitted,

/s/
_____
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff